IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ANDREW A.,<br><br>                Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>                Defendant. | ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION DENYING DISABILITY BENEFITS TO PLAINTIFF<br><br><br>Case No. 2:22-cv-00530-CMR<br><br><br>Magistrate Judge Cecilia M. Romero |

      All parties in this case have consented to the undersigned conducting all proceedings (ECF 11). 28 U.S.C. § 636(c). Plaintiff, pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Commissioner of Social Security (Commissioner) denying his claims for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act (Act). After careful review of the entire record (ECF 13–14), the parties' initial briefs (ECF 18, 23, and 28), arguments presented at a hearing held on August 17, 2023 (ECF 33), and the parties' supplemental authority (ECF 32 and 34), the undersigned concludes that the Commissioner's decision contains no reversible error. For the reasons stated on the record at the second hearing held on August 24, 2023 (ECF 35), and as discussed below, the court hereby DENIES Plaintiff's Motion for Review of Agency Action (ECF 18) and AFFIRMS the decision of the Commissioner.

## I.  STANDARD OF REVIEW

The scope of the court's review of the Commissioner's final decision is specific and narrow. As the Supreme court recently reiterated, "[o]n judicial review, an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The threshold for evidentiary sufficiency under the substantial evidence standard is "not high." *Id*. at 1154. Substantial evidence is "more than a mere scintilla"; it means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Under this deferential standard this court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). The doctrine of harmless error applies in the "right exceptional circumstance," when "no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

## II.  BACKGROUND

Plaintiff applied for benefits in November 2019, alleging disability beginning October 2019 (ECF 13–14, Certified Administrative Transcript (Tr.) 16, 349–63). After a March 2021 hearing, the administrative law judge (ALJ) issued a decision finding that Plaintiff was not disabled prior to December 14, 2021, the date of that decision (Tr. 13–25, 161–95). The Appeals Council denied Plaintiff's request for review (Tr. 1–6), making the ALJ's decision the Commissioner's final decision for judicial review. 20 C.F.R. § 404.981.

The five-step sequential evaluation for assessing disability directs the ALJ to consider: 1) whether the claimant is currently working; 2) if the claimant has a severe impairment; 3) if the impairment(s) meets or medically equals an impairment listed in Appendix 1; 4) if the

impairment(s) prevents the claimant from doing past relevant work; and 5) if the impairment(s) prevents the claimant from doing any other work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4).[1] Relevant here, the ALJ found at step two that Plaintiff had the following severe impairments: schizoaffective disorder and anxiety (Tr. 19). The ALJ also found that Plaintiff had the residual functional capacity (RFC) to perform a full range of work with the following nonexertional limitations: he could understand, remember, and carry out simple, routine, and repetitive tasks; he could perform goal-oriented but not assembly line-paced work; he could occasionally interact with co-workers, supervisors, and the general public; and he could adapt to routine changes in the workplace (Tr. 21). This appeal followed.

Plaintiff's sole argument is that is that the ALJ erred by not considering a one-page lay witness report from his parents (hereinafter, Parents' Statement) (ECF 18 at 12–14; *see* Tr. 506). Specifically, Plaintiff argues that the ALJ's decision must reflect that he considered the Parents' Statement by way of citation to the lay witness evidence (ECF 18 at 13) and cites to *Blea v. Barnhart*, 466 F.3d 903, 914–15 (10th Cir. 2006), and *Adams v. Chater*, 93 F.3d 712, 715 (10th Cir. 1996), in support of this argument (ECF 18 at 13). Plaintiff further argues that the ALJ decision is not supported by substantial evidence because the ALJ did not indicate that he considered the Parents' Statement (ECF 18 at 12–13.).

Defendant Commissioner counters that under the revised regulations, an ALJ is not required to articulate evidence from nonmedical sources (lay witness statements) (ECF 23 at 4). 20 C.F.R. § 404.1513(a)(4) (such evidence is "any information or statement(s) from a nonmedical source (including you) about any issue in your claim"). Defendant first points to 20 C.F.R. §

---

[1] Citations to the Code of Federal Regulations are to the 2020 edition of 20 C.F.R. Part 404.

404.1520b titled, "How we consider evidence," and contends the regulation contains no directive that the ALJ must articulate reasons for how nonmedical, i.e., lay witness, evidence was considered (*id.* at 5). Defendant then points to 20 C.F.R. § 404.1520c titled "How we consider *and articulate* medical opinions and prior administrative medical findings for claims filed on or after March 27, 2017," which expressly states that the agency is "not required to articulate how we considered evidence from nonmedical sources" (*id.*). Under the preceding subsections, Defendant argues that the ALJ committed no error because an ALJ is not required to articulate consideration of evidence from nonmedical sources (*id.*). 20 C.F.R. § 404.1520c(d). Defendant further argues that Plaintiff's reliance on case law that predates the revised regulations is misplaced because *Blea* and *Allen* conflict with the new regulations (*id.* at 5–6).

Alternatively, Defendant argues that any failure to address the Parents' Statement was harmless error (*id.* at 6). Defendant argues that even under the prior regulations, the Tenth Circuit has found that the absence of ALJ discussion about a lay witness statement was harmless error where the same evidence cited by the ALJ in discounting the claimant's allegations also discredited the lay witness statement (*id.*). See *Best-Willie v. Colvin*, 514 F. App'x 728, 736 (10th Cir. 2013) ("[A]lthough the ALJ's decision does not expressly address this lay witness evidence, any error in failing to do so is harmless because 'the same evidence that the ALJ referred to in discrediting [the claimant's] claims also discredits [the lay witness's] claims.'" (quoting *Buckner v. Astrue*, 646 F.3d 549, 560 (8th Cir. 2011))).

In his Reply brief, Plaintiff acknowledges that the new regulation does not require the ALJ to articulate his analysis of a lay witness statement but argues that pursuant to 42 U.S.C. § 423(d)(5)(B) the ALJ is required to evaluate all evidence in determining an applicant's disability (ECF 28 at 2–3). See 42 U.S.C. § 423(d)(5)(B) ("In making any determination with respect to

4

whether an individual is under a disability . . . the Commissioner of Social Security shall consider all evidence available in such individual's case record…."). Plaintiff argues that the error here was not harmless because the Parents' Statement was not duplicative and it was instead, additional new evidence (*id.* at 4). Plaintiff further cites to *Bonnie M. v. Kijakazi*, No. 19-CV-0622-CVE-JFJ, 2021 WL 4823270, at *9 (N.D. Okla. Oct. 15, 2021), and *Andrea D.W. v. Kijakazi*, No. 20-CV-523-JFH-SH, 2022 WL 1192780, at *5 (N.D. Okla. Feb. 9, 2022), which declined to follow *Best-Willie* (*id.* at 5–6).

The court notes that on the day of the first hearing, Defendant Commissioner filed supplemental authority, *David L. v. Kijakazi*, No. 2:21-cv-00028-JCB, 2021 WL 5908368, at *5, n. 46 (D. Utah Dec. 14, 2021), which provides that an ALJ is not required to articulate nonmedical evidence per 20 C.F.R. § 404.1520c(d) (ECF 32). The court granted leave for Plaintiff to file a response, which the court has also considered (ECF 34).

### III. DISCUSSION

Turning to the standard that the court must apply here, although it is true that 20 C.F.R. § 404.1520c(d) and *David L.* support that the ALJ is not required to articulate his analysis of lay witness statements, *David L.* went one step further than the Commissioner's argument in this case. In *David L.*, the defendant argued that the ALJ's decision stated that he had considered all the record evidence, as he was required to do, and the court held that it must "take a lower tribunal at its word when it declares that it has considered a matter." 2021 WL 5908368, at *5 (citing *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005)).[2] Although the ALJ in this case similarly stated

---

[2] The circumstances presented in *Hackett* are also distinguishable from the ones presented here. In *Hackett*, the court considered an argument on whether the Appeals Council had fulfilled its obligation to consider a workers' compensation decision that was not available and submitted until after the hearing before the ALJ. 395 F.3d at 1172. There, the Appeals Council's decision "concluded that neither the contentions nor the additional evidence provide[d] a basis for changing the Administrative Law Judge's decision." *Id.* Thus, the Appeals Council gave the reviewing court a clear indication that the specific additional evidence had been considered. Here, unlike in *Hackett*, it is not

that he considered all the record evidence as in *David L.*, Defendant did not raise that argument in the briefing and has therefore waived it. *Keyes-Zachary*, 695 F.3d at 1161.

Regardless, as in *Bonnie M.*, 2021 WL 4823270, at *9, and *Andrea D.W.*, 2022 WL 1192780, at *5, the court cannot find that the ALJ's statement regarding consideration of all the record evidence absolves any requirement to consider and at times give an indication that lay witness testimony was considered.[3] Like the court in *Andrea D.W.*, this court rejects "the proposition that mere boilerplate language" is enough for the reviewing court to assume an ALJ considered the evidence without any indication in the record that this occurred." *See* 2022 WL 1192780 at *5, n.8. In support of this, Defendant conceded at the first hearing that the ALJ is required to consider all record evidence. 20 C.F.R. § 404.1520b ("After we review all of the evidence relevant to your claim, we make findings about what the evidence shows."). At the hearing, Defendant also conceded that, in some cases, it may be necessary for an ALJ to discuss a lay witness statement that they reject if it is significantly probative. Accordingly, despite lacking a requirement to articulate how evidence from nonmedical sources was considered, mere boilerplate language does not fulfill an ALJ's duty to indicate that nonmedical sources were considered in all cases.

---

apparent from the face of the decision that the ALJ considered the Parents' Statement.

[3] *See also Brooker v. Saul,* No. CIV-20-398-P, 2021 WL 1392860, at *6 (W.D. Okla. Apr. 13, 2021) ("While the ALJ is not required to apply medical opinion factors to nonmedical source evidence, the regulations clearly do not contemplate or authorize simply ignoring such evidence that may otherwise be relevant to an ALJ's conclusions and/or findings"; *Sandra S. v. Kijakazi*, No. 3:20-cv-00056-RLY-MPB, 2021 WL 3640000, at *7 (S.D. Ind. Aug. 2, 2021), *report and recommendation adopted sub nom. Sandra S. v. Saul*, 2021 WL 3636042 (S.D. Ind. Aug. 17, 2021) ("It may well be the case that the ALJ considered such evidence and properly discounted it, but his opinion leaves the Court with no way to tell. The ALJ's failure to provide any rationale for discounting this [function report] is reversible error"); *Jerri F. v. Kijakazi*, No. 1:20-4037-RMG-SVH, 2021 WL 3362227, at *14 (D.S.C. July 29, 2021) ("[H]ere, the question is not whether the ALJ provided sufficiently-specific reasons for rejecting the lay witness statements. Rather, the question is whether he considered them at all.")

The Commissioner also raised at the hearing that the court should first consider whether the nonmedical information was probative or not before getting to the harmless error analysis. However, this argument was raised for the first time at the hearing, and it is thus waived. *Keyes-Zachary*, 695 F.3d at 1161. Cited in Plaintiff's Opening Brief (ECF 18 at 13), Defendant also raised *Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir. 1996), at the first hearing and conceded that *Clifton* provided that ALJs must sufficiently explain the reasons for their rulings, but that the ALJ here did not commit error because the ALJ's decision stated more than bare conclusions "beyond meaningful judicial review." Further, that because the "agency's path may reasonably be discerned" here, the court did not have to conduct the harmful error analysis. *See Garland v. Dai*, 141 S. Ct. 1669, 1679 (2021) (citation and internal quotation omitted). This discernability argument, however, was also raised at the hearing for the first time and thus it was waived. *Id.*

Here, it is clear that the ALJ did not "specifically mention or indicate he considered" the Parents' Statement. *See Andrea D.W.*, 2022 WL 1192790 at *3. And although the ALJ does not have a requirement to articulate how the Parents' Statement was considered, the court "will not assume the ALJ fulfilled his duties when he provided nothing from which it can base a determination as to whether or not relevant evidence was considered." *Id.* at *6. Accordingly, the court proceeds to analyze whether the omission of the parents' statement constituted harmless error. *Id.*; *see also Misty D. C. v. Kijakazi*, No. 4:21-CV-540-JFJ, 2023 WL 2733350, at *6–7 (N.D. Okla. Mar. 31, 2023) (holding that the "'harmless error' approach to an ALJ's failure to discuss third-party statement" relates to cumulative "allegations the ALJ expressly rejected").

Plaintiff's arguments, taken together, do not raise questions about the RFC limitations. He has therefore waived any such argument. *See Keyes-Zachary*, 695 F.3d at 1161 ("We will consider and discuss only those of [plaintiff's] contentions that have been adequately briefed for our

7

review."). Here, as in *Best-Willie* and *Brescia*, the same evidence cited by the ALJ in discounting Plaintiff's allegations also discredited the Parents' Statement. *See* 514 F. App'x at 736; 287 F. App'x at 630. This conclusion is consistent with *Davis v. Comm'r of Soc. Sec.*, No. 21-3148, 2022 WL 1763389, at *3 (10th Cir. June 1, 2022), which holds that despite the ALJ "offer[ing] no explanation at all for his failure to [c]onsider the third-party" statement, the Commissioner's argument as to why the ALJ's decision should be affirmed is not post hoc reasoning "because other reasoning in his decision supplied sufficient grounds for affirmance notwithstanding the error. *Id*. (citing *Fischer-Ross v. Barnhart*, 431 F.3d 729, 734–35 (10th Cir. 2005) (holding that an ALJ's failure to make detailed findings at one step of the sequential analysis was harmless where findings "made elsewhere in the ALJ's decision" provided a proper basis for his conclusion)). Thus, even assuming it was an error for the ALJ not to discuss the Parents' Statement, any such error was harmless. *See Misty D. C.*, 2023 WL 2733350, at *6–7.

When looking at the Parents' Statement, the court focuses on the second to last paragraph of the statement as it relates to Plaintiff's behavior after May 2020, the time when Plaintiff's doctor was able to adjust Plaintiff's medication and this was also the focus of the parties' briefing (*see* Tr. 506; ECF 28 at 4; ECF 23 at 7). The Parents' Statement states that: Plaintiff's anger came under control but he was "still unable to focus on chores, do[] anything constructive or follow[] guidelines"; Plaintiff's parents still had to "direct and watch him in any task" for it to be completed; Plaintiff still "spills his plate" when he gets upset "and leaves without cleaning it"; Plaintiff will throw up and not clean it, sometimes even sleep in it; Plaintiff "poops his pants from time to time"; and Plaintiff was still not "processing correctly and had to ask his parents common sense questions" (Tr. 506).

8

Although the ALJ did not cite to the Parents' Statement specifically, there was substantial overlap between the Parents' Statement and the ALJ's reasoning. In his decision the ALJ states that "Claimant and his parents reported that the claimant could not pay attention for long, could not finish what he started, and could not follow instructions well" (Tr. 20). This is consistent with the Parents' Statement. The ALJ's decision states that Plaintiff's "parents reported that he was doing better with medication" (Tr. 22). This is also consistent with the Parents' Statement. The ALJ also found: "The claimant, his parents, and his treatment providers have all endorsed improvement with medication, especially the recent regimen of injections" (Tr. 23). This is also consistent with the Parents' Statement.

There did appear to be some discrepancy between the ALJ's statement that Plaintiff's parents reported that the Plaintiff had no problem with personal care and their statement that Plaintiff slept in his own vomit and defecated in his pants (Tr. 20, 506). However, in function reports submitted in conjunction with Plaintiff's disability application, he and his parents did check boxes indicating that he had no problems with personal care from before the date of the medication adjustment (*see* Tr. 422, 439). And at least one report supported that Plaintiff was clean and groomed after the medication adjustment (Tr. 670). These reports were considered in the ALJ's decision (Tr. 20). Moreover, the Plaintiff failed to attack the RFC limitation, and it is thus unclear how this discrepancy is material.

In conclusion, because Plaintiff failed to attack the RFC limitations, and therefore waived any such challenge, the court will not find *sua sponte* that the ALJ should have included limitations related to the Parents' Statement (*see* Tr. 506). Based on the briefing before the court, the ALJ considered evidence that was duplicative of the evidence contained in the Parents' Statement. Thus, any error under the arguments presented was harmless.

As to the cases Plaintiff relies on, *Bonnie M.* is not factually similar to this case. *Bonnie M.* involved an ALJ failing to follow an Appeals Council directive to develop the record with respect to the plaintiff's RFC by considering "statements from nonmedical sources," and uncertainties in the opinion "regarding plaintiff's ability to maintain a consistent work schedule and absenteeism." 2021 WL 4823270, at * 8–9. In that case, Plaintiff argued that the ALJ failed to include a limitation regarding his absenteeism in the RFC. *Id*. Here, Plaintiff did not contest the RFC limitations.

*Andrea D.W.* is also not persuasive. In *Andrea D.W.*, the court found that the Commissioner's harmless error argument was impermissible post hoc reasoning. 2022 WL 1192780, at *6. Here, as addressed above, the court is able to see that the ALJ considered most of the content contained in the Parents' Statement and so the ALJ's failure to "specifically mention or indicate he considered" the lay witness evidence constitutes harmless error.

Thus, Plaintiff's argument fails, and the court affirms the Commissioner's decision. *See* 20 C.F.R. §§ 404.1504, 1513.

## IV. CONCLUSION

Because the ALJ's decision contains no reversible error, it is AFFIRMED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the U.S. Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296–304 (1993).

DATED this 25 September 2023.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah